IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50686
Summary Calendar
_____


DAVID JOHNSTON, Individually and as
representative of the Estate of
Richard J. Johnston; GLORIA JOHNSTON,

                              Plaintiff-Appellants,

versus

UNITED STATES OF AMERICA,

                              Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-94-CV-110
- - - - - - - - - -
June 17, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

David and Gloria Johnston appeal the take-nothing judgment

dismissing their wrongful death claims, filed under the Federal

Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, based on

cardiac surgery performed on the decedent, Richard Johnston, by

the Government's agents at the Brooke Army Medical Center.  The

Johnstons alleged that the operating surgeon, Dr. Greg Bowman,

had negligently damaged Johnston's phrenic nerves during the

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

cardiac surgery, thereby paralyzing Johnston's diaphragm and causing his subsequent death. After conducting a bench trial, the district court held that the Johnstons did not meet their burden of proving that Dr. Bowman had caused Johnston's death and had breached the required standard of care.

We review the district court's findings of fact for clear error, and conclusions of law de novo. Fed. R. Civ. P. 52(a); Hayes v. United States, 899 F.2d 438, 443 (5th Cir. 1990). After reviewing the evidence, we do not have a definite and firm conviction that the district court mistakenly found no negligence on the part of the government's agents. Consequently, we may not overturn the district court's ruling denying the Johnstons relief on their negligence claims. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). The district court also did not err in rejecting the Johnstons' spoliation assertion since they point to no facts showing that the government's agents intentionally or negligently destroyed evidence. See Brewer v. Dowling, 862 S.W.2d 156, 159-60 (Tex. App. 1993, writ denied). The district court's refusal to apply the doctrine of res ipsa loquitur was proper since laymen do not generally comprehend the techniques of CABG surgery. See Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990). Finally, our review indicates that the district court did not misapply the FTCA and did not create a subjective exception of unavoidable accident to the standard of care for surgeons.

The judgment of the district court is AFFIRMED.